UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VERNIS FARMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:10CV 32 LMB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| JOHN DOE 1, JOHN DOE 2, and | ) |
| JANE DOE 1, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the Complaint of Plaintiff Vernis Farmer against defendants United States of America, John Doe 1, John Doe 2, and Jane Doe 1. Presently pending before the court is Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. No. 5). Also pending is plaintiff's Motion for Discovery regarding the identity of the United States Marshals involved in this action. (Doc. No. 2).

### Background

In his Complaint, plaintiff alleges "personal injury due to negligence of duty." (Complaint, p. 1). Plaintiff claims that he was injured on October 27, 2009, when an elevator door allegedly hit him on two separate occasions while he was in the custody of the United States Marshal Service.

## Discussion

### 1. Standard of Review

Defendant United States of America has moved for dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. "[A]t issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case..." Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990). "The burden of proving subject matter jurisdiction falls on the plaintiff." VS Ltd. P'ship v. Dep't of Hous. and Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). Although dismissal will not be granted lightly, "[d]ismissal is proper...when a facial attack on a complaint's alleged basis for subject matter jurisdiction shows there is no basis for jurisdiction." Wheeler v. St. Louis Southwestern Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996).

In contrast to a Rule 12(b)(6) motion, "[t]he district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under [Rule] 12(b)(1)." Drevlow v. Lutheran Church, Mo. Synod, 991 F.2d 468, 470 (8th Cir. 1993). "[T]here is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of the power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Osborn, 918 F.2d at 730. "Because jurisdiction is a threshold issue for the court, the district court has 'broader power to decide its own right to hear the case than it has when the merits of the case are reached.'" Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993) (quoting Osborn, 918 F.2d at 729).

### 2. Defendant's Motion

Defendant contends that, to the extent plaintiff's claim is based on some type of

constitutional violation including a Bivens[1] claim, such claim should be dismissed as the United States is entitled to sovereign immunity. Defendant argues that, to the extent plaintiff's claim is based on the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., plaintiff's claim should be dismissed for failure to file an administrative claim with the United States Marshals Service. Plaintiff has not filed a Response to defendant's motion.

Plaintiff does not allege a constitutional violation. Rather, plaintiff alleges "personal injury due to negligence of duty." (Complaint at p. 1). As such, the court will construe the Complaint as bringing a Federal Tort Claim Act ("FTCA") action.

Title 28 U.S.C. § 2675(a) provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail..." The FTCA provides a limited waiver of the United States' sovereign immunity when certain jurisdictional prerequisites are met. 28 U.S.C. §§ 2674-75. See Bellecourt, 994 F.2d at 430 ("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant"). "Because presentment is a jurisdictional prerequisite to suit under the FTCA, and jurisdiction is a threshold issue for the district court to decide, the district court may appropriately resolve legal and factual questions determinative of jurisdiction and may dismiss the case under Federal Rule

---

[1]Suits for monetary damage against federal officials for the violation of constitutional rights are authorized under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

of Civil Procedure 12(b)(1) if the FTCA requirements are not met." Daniels v. United States, 135 Fed. Appx. 900, 901 (8th Cir. June 16, 2005) (citing Osborn, 918 F.2d at 728-29).

In this case, plaintiff has not alleged that he filed an administrative claim with the United States Marshals Service ("USMS"). Defendant has attached the Declaration of Gerald M. Auerbach, General Counsel for the USMS, in which he states that he is the custodian of agency records relating to the filing of administrative claims presented to the USMS under the FTCA, and that no such claim was presented to the USMS by plaintiff. (Def's Ex. A). As such, the court will dismiss any FTCA claim that plaintiff may allege against the United States for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

To the extent that plaintiff is attempting to allege FTCA claims against the three unidentified Marshals, these claims also fail because plaintiff failed to exhaust his administrative remedies. Further, the FTCA precludes suits against individual federal employees for common law torts allegedly committed during the course and scope of their employment. See Wollman v. Gross, 637 F.2d 544, 547 (8th Cir. 1980) ("The district court properly held that because Gross was a federal employee acting within the scope of his employment, plaintiff's exclusive remedy is against the United States under the FTCA"). Thus, plaintiff's tort claims against the individual Marshals or the United States regarding the Marshals' conduct, are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 5) be and it is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's Complaint be and it is **dismissed without prejudice**.

**IT IS FINALLY ORDERED** that plaintiff's Motion for Discovery (Doc. No. 2) be and it is **denied as moot**.

Dated this 25th day of June, 2010.

                                                        STEPHEN N. LIMBAUGH, JR.
                                                        UNITED STATES DISTRICT JUDGE